IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Batie, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:26-cv-35-BHH |
| v. | ) | |
| | ) | **ORDER** |
| State of South Carolina and | ) | |
| Scarlett Wilson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Antonio Batie's ("Plaintiff") *pro se* complaint filed pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 5, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without leave to amend.  (ECF No. 7.)  In the Report, the Magistrate Judge determined that Plaintiff's complaint fails to plead an actionable constitutional violation under § 1983.  (*Id.* at 4.)  Specifically, the Magistrate Judge explained that Plaintiff's claims are barred by the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), because Plaintiff's underlying criminal proceedings are ongoing; the State of South Carolina has an interest in administering its criminal justice system free from this Court's interference; and Plaintiff can raise his constitutional concerns in his pending criminal proceedings.  (*Id.* at 5.)  Additionally, the Magistrate Judge found that Plaintiff's claims for damages are barred because the State of South Carolina does not qualify as a "person" amenable to suit under § 1983, and Scarlett Wilson is entitled to absolute

immunity from personal liability under § 1983 for alleged civil rights violations committed in the course of activities associated with the judicial phase of the criminal process. (*Id.* at 7-8.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 7), and the Court dismisses this action without prejudice and without leave to**

**amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 19, 2026
Charleston, South Carolina